IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JOY L. BOWENS, *individually and on behalf of all others similarly situated* | ) ) ) |
| Plaintiff, | ) |
| v. | ) No. 15-00758-CV-W-BP |
| MAZUMA FEDERAL CREDIT UNION, | ) ) ) |
| Defendant. | ) |

## ORDER

The Court has considered Plaintiff's Motion for Preliminary Approval of Class Settlement, and all supporting documents thereto (collectively, the "Motion"), the Settlement Agreement and Release dated as of July 19, 2017 (the "Settlement Agreement"), and the arguments of counsel. The Motion, (Doc. 56), is **GRANTED**, and the Court rules as follows:

1. Defined terms in this Order shall have the same meaning given such terms in the Settlement Agreement.

2. This Court finds on a preliminary basis that the class as defined in the Settlement Agreement ("Settlement Class") meets all of the requirements for certification of a settlement class under the Federal Rules of Civil Procedure and applicable case law. Accordingly, the Court provisionally certifies the Settlement Class, which is composed of:

> any member of Defendant who, between the implementation of Defendant's automated overdraft program in April 1, 2011 and September 30, 2015, was assessed an overdraft fee when the member had sufficient money in his or her "current balance," but insufficient money in his or her available balance to complete the transaction that caused the fee.

3. The Court provisionally appoints Joy L. Bowens as the Class Representative of the Settlement Class.

4. For purposes of the Settlement Agreement, the Court further provisionally finds that counsel for the Settlement Class, Richard McCune of McCune Wright Arevalo, LLP, and

Taras Kick of The Kick Law Firm, APC, are qualified, experienced, and skilled attorneys capable of adequately representing the Settlement Class, and they are provisionally approved as Class Counsel.

5. This certification of a preliminary Settlement Class under this Order is for settlement purposes only and shall not constitute, nor be construed as, an admission on the part of the Defendant in this Action that any other proposed or certified class action is appropriate for class treatment pursuant to the Federal Rules of Civil Procedure or any similar statute, rule or common law. Entry of this Order is without prejudice to the rights of Defendant to (1) oppose class certification in this action should the settlement not be approved or not be implemented for any reason or (2) terminate the Settlement Agreement as provided in the Settlement Agreement.

6. The Court provisionally, and solely for purposes of this settlement, finds that (1) the members of the Settlement Class are so numerous that joinder of all members would be impracticable, (2) the litigation and proposed settlement raise issues of law and fact common to the claims of the Class Members and these common issues predominate over any issues affecting only individual members of the Settlement Class, that the claims of Joy L. Bowens (the "Named Plaintiff") are typical of the claims of the Settlement Class, that in prosecuting this Action and negotiating and entering into the Settlement Agreement, (3) the Named Plaintiff and her counsel have fairly and adequately protected the interests of the Settlement Class and will adequately represent the Settlement Class in connection with the settlement, and (4) a class action is superior to other methods available for adjudicating the controversy.

7. The Court has reviewed the Settlement Agreement and the attached Notice of Pending Class Action and Proposed Settlement and finds that the settlement memorialized therein falls within the range of reasonableness and potential for final approval, thereby meeting the requirements for preliminary approval, and that the Notice should go out to the Settlement Class

in the manner described in the Settlement Agreement. The settlement appears to be reasonable in light of the risk inherent in continuing with litigation and was arrived at after an arm's length negotiation involving experienced counsel. The Court also notes that the settlement is a non-reversionary one where no money will be returned to the Defendant. The form of notice attached as Exhibit 1 to the Revised Notice, (Doc. 61-1), is approved subject to the parties filing in the omitted information such as dates, the address of the settlement website, and the name of the settlement coordinator. Additionally, the parties are directed to revise Paragraph 1, to include a specific date in April.

8. The Court finds that the methods of giving notice prescribed in the Settlement Agreement meet the requirements of the Federal Rules of Civil Procedure and due process, are the best notice practicable under the circumstances, shall constitute due and sufficient notice to all persons entitled thereto, and comply with the requirements of the Constitution of the United States, and all other applicable laws.

9. For the purposes stated and defined in the Settlement Agreement, the Court hereby sets the following dates and deadlines:

    a. Notice to the class members will be sent within ten days after issuance of this Order;

    b. The deadline for opt outs is thirty days after the notice administrator sends notice;

    c. The deadline for filing any motions for final approval and attorneys' fees is thirty-five days after notice is sent;

    d. The deadline for class members to object to the Settlement Agreement is fifteen days after the filing of the motion for final approval;

    e. The deadline for class counsel or defendant's counsel to file responses to any objections and to provide list of opt outs is ten days after the deadline to object;

      f.      The hearing on final approval shall occur on October 23, 2018 at 10:00 a.m. at the United States District Courthouse in Kansas City, Missouri.

      g.      The preliminary deadline for filing of Final Accounting is thirty days after the time to cash checks has expired.

10.      The Court hereby approves and adopts the procedures, deadlines, and manner governing all requests to be excluded from the Class, or for objecting to the proposed settlement, as provided for in the Settlement Agreement.

11.      All costs incurred in connection with providing notice and settlement administration services to the Class Members shall be paid from the Settlement Fund. In no event will Defendant be responsible for paying costs and expenses associated with the administrative services.

12.      If the settlement is not approved or consummated for any reason whatsoever, the Settlement Agreement and all proceedings in connection therewith shall terminate without prejudice to the status quo ante and rights of the parties to the action as they existed prior to the date of the execution of the Settlement Agreement, except as otherwise provided in the Settlement Agreement.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
DATE: June 1, 2018      UNITED STATES DISTRICT COURT