# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| JOY L. BOWENS, *individually and on behalf of all others similarly situated* | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) | No. 15-00758-CV-W-BP |
| | ) | |
| MAZUMA FEDERAL CREDIT UNION, | ) ) | |
| Defendant. | ) | |

## AMENDED ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

On April 3, 2018, Plaintiff filed a motion to certify a class for preliminary approval of a class settlement. (Doc. 56.) This Court granted preliminary approval of the Settlement Agreement and Release ("Settlement") and certified a provisional settlement class ("the Class") on June 1. (Doc. 62.) Notice of the Settlement was given to the Class, to which no Class member objected.[1] Plaintiff filed a motion to certify the Class for final approval of the Settlement on July 16. (Doc. 65.) On October 23, a hearing was held to consider the proposals for final approval. Having considered the Settlement and the arguments of counsel, and after reviewing the record, the motion for final approval is **GRANTED** and the Court finds as follows:

1. Unless otherwise provided, all terms used herein shall have the same meaning as provided in the Settlement.

2. The Court has jurisdiction over the subject matter of this litigation and over the Parties to this litigation, including all Class Members.

3. This Court finds that the Classes meet all of the requirements for certification of a

---

[1] The Court received one objection from Theresa Datica, the wife of a class member. Ms. Datica objects to the settlement and that the named plaintiff filed this lawsuit. Ms. Datica is not a class member and thus it is not clear that she has standing to object to the class settlement.

settlement class under the Federal Rules of Civil Procedure and applicable case law. For settlement purposes, the Court now finally certifies the Class which is defined as follows:

> "Class Member" shall mean any member of Defendant who, between the implementation of Defendant's automated overdraft program in April 1, 2011 and September 30, 2015, was assessed an overdraft fee when the member had sufficient money in his or her "current balance," but insufficient money in his or her available balance to complete the transaction that caused the fee.

4. The Court appoints Named Plaintiff Joy L. Bowens as the Class Representative.

5. The Court approves The Kick Law Firm, APC and McCune Wright Arevalo LLP as Class Counsel.

6. The Court appoints Garden City Group, LLC as the Claims Administrator. The Claims Administrator shall be subject to the jurisdiction of the Court with respect to the administration of the Settlement and shall comply with the terms of the Settlement.

7. The Court finds that the distribution of the notice of the Settlement has been completed in conformity with the Court's preliminary approval order. The Court finds that the notice was the best practicable under the circumstances and provided due and adequate notice of the proceedings and of the terms of the Settlement. The Court finds that the notice fully satisfied the requirements of due process. The Court also finds that all Class Members were given a full and fair opportunity to participate in the Final Approval Hearing, all Class Members wishing to be heard have been heard, and all Class Members have had a full and fair opportunity to exclude themselves from the Class. Accordingly, it is hereby determined that each Class Member shall be bound by the terms and provisions of the Settlement and this Final Approval Order and Judgment, including the releases set forth in the Settlement, which are hereby incorporated by reference and become part of this Final Approval Order and Judgment.

8. The Court finds, as set forth in the Supplemental Declaration of Eric Kierkegaard Regarding Notice and Settlement Administration (Doc. 67), that, as of August 10, 2018, two

members of the Class requested exclusion from the class and that one objection was filed, but that this objection was filed not by a class member, but by a spouse of a class member, Theresa Datica. To the extent that this objection is to be considered, the Court overrules it, finding that Ms. Datica has failed to identify any defect in the settlement. The two class members who opted out of the proposed settlement are identified in Exhibit A to the August 10, 2018, Declaration of Eric Kierkegaard of Garden City Group and are excluded from this settlement.

9. The Court finds that the reaction of the Class to the Settlement was overwhelmingly favorable.

10. The Court hereby grants final approval of the terms set forth in the Settlement and finds that the Settlement is, in all respects, fair, adequate, and reasonable, and directs the parties to effectuate the Settlement according to its terms. The Court finds that the Settlement has been reached as a result of informed and non-collusive arms-length negotiations. The Court further finds that the parties have conducted extensive investigation and research, and their attorneys were able to reasonably evaluate their respective positions.

11. The Court finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks. The amount offered in settlement is reasonable in light of the expense, complexity, risk, and likely duration of further litigation.

12. The Settlement is not an admission by Defendant, nor is this Order a finding of the validity of any allegations or of any wrongdoing by Defendant. Neither this Order, the Settlement, nor any document referred to herein, nor any action taken to carry out the Settlement, may be construed as, or may be used as, an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendant.

13. The Court finds the requested attorneys' fees of $453,333.33 to be reasonable as a percentage of the value of the Settlement and under the lodestar method, and therefore awards fees

in this amount to be paid to Class Counsel from the Settlement Fund by the deadline specified in the Settlement. The amount is in line with market rates for contingency fees in a case such as this. Therefore, the requested fee is reasonable and approved under the percentage-of-the-benefit methodology. Further, the hourly rates of the attorneys are reasonable and in line with prevailing market rates, and the hours worked are also reasonable. Therefore, the requested fees amount is also separately and independently approved under a lodestar analysis.

16. The Court further finds that the fee-sharing arrangement among class Counsel was disclosed to and approved by the Named Plaintiff.

17. The Court further finds that the request for reimbursement of litigation costs in the amount of $34,591.84 is reasonable based on the work necessary to achieve this favorable class settlement, and is to be paid to Class Counsel from the Settlement Fund by the deadline specified in the Settlement Agreement.

18. The Court finds that Named Plaintiff Joy L. Bowens assisted with the prosecution and litigation of the case, including producing documents, responding to written discovery, attending mediation, and having been willing to testify at trial. The Court therefore awards a service award in the amount of $12,000.00 to be paid to Named Plaintiff Joy L. Bowens from the Settlement Fund by the deadline specified in the Settlement Agreement.

19. The Court approves Public Citizen and Legal Aid of Western Missouri as joint *cy pres* recipients of any residue in the Settlement Fund, each receiving 50% of the residue.

20. The Court approves payment of the Claims Administrator's fees and costs of up to $34,375 to be paid to the Claims Administrator from the Settlement Fund by the deadline specified in the Settlement Agreement.

21. Within 10 days of the date of this order, Defendant Mazuma Credit Union, shall distribute the Settlement Fund to the Claims Administrator, less amounts that will be credited to

Class Members by Defendant.

22. All claims against Defendant are hereby dismissed on the merits and with prejudice. The Court retains jurisdiction over the Parties, Class Counsel, and the case to enforce the Settlement and the terms of this Judgment.

**IT IS SO ORDERED.**

DATE: November 5, 2018

/s/Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT